**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4511

DAVID K. SADLER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Samuel G. Wilson, District Judge.
(CR-95-70133)

Submitted: January 23, 1997

Decided: February 10, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Killis T. Howard, Lynchburg, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Thomas J. Bondurant, Jr., Assis-
tant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David K. Sadler pled guilty to possession of counterfeit securities, 18 U.S.C. § 513 (1994). He received a sentence of 57 months imprisonment followed by three years supervised release, including special conditions prohibiting him from borrowing money without approval from the probation officer. Sadler appeals his sentence and also contests the district court's order that he pay restitution. We affirm.

After his release from a prior prison term for grand larceny, Sadler resided with Harry Ransom, the brother of a prison guard who had befriended him. Sadler convinced Ransom to go into business with him and had a number of blank cashier's checks printed, ostensibly for the business. Using these checks, he then purchased two airline tickets and flew to Atlanta from Virginia with Ransom. There he bought two Rolls Royce automobiles worth $369,900 and promptly wrecked one of them.

Sadler made no objections to the presentence report. The district court adopted the recommendations of the probation officer, which established a guideline range of 46-57 months, and imposed sentence within the range. The probation officer recommended that Sadler pay $58,229 restitution. This total included money owed to a bank, a local business, and the airline, all of which Sadler had defrauded, and the estimated cost of repairs to the wrecked Rolls Royce. The district court ordered restitution in that amount, finding that Sadler had the ability to pay restitution from prison earnings although he had no current assets. As special conditions of supervised release, the district court ordered that Sadler not incur new credit charges or open new lines of credit without the approval of the probation officer.

On appeal, Sadler asserts that the probation officer who first interviewed him led him to believe that he would not receive certain sentencing enhancements. He further contends that the probation officer who prepared the presentence report should have treated some of his prior Florida convictions as related cases even though no change in his guideline range would have resulted. Because Sadler made no objections to the sentence calculation at sentencing, we review for

2

plain error only, see United States v. Olano, 507 U.S. 725, 734 (1993), and find none. Sadler received enhancements for a loss over $350,000, for an offense involving more than minimal planning or intent to defraud more than one victim, and for having a leadership role. USSG § 2F1.1. None of these were plainly erroneous. His extensive criminal history placed him in category VI. Moreover, the presentence report contained an adequate basis for the amount of restitution and Sadler's ability to pay. Sadler is a high-school graduate with some college experience and no dependents or debts. And the district court had the discretion to order any condition of supervised release which it considered appropriate. See 18 U.S.C. § 3583(d) (1994). Sadler had many prior convictions for various kinds of financial fraud, making the special conditions highly appropriate.

Sadler points out that his plea agreement did not alert him to the possibility that he might be required to pay restitution. Nonetheless, the district court was statutorily authorized to order restitution. See 18 U.S.C. §§ 3553(a)(7), 3663, 3664 (1994).

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3